UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 15-cv-24444-KING/TORRES

**FEDERAL DEPOSIT INSURANCE
CORPORATION AS RECEIVER FOR
AMTRUST BANK,**

      Plaintiff,

v.

**FOUNDATION MORTGAGE
CORPORATION,**

      Defendant/Third-Party Plaintiff,

v.

**DEZMAN ELLIOTT,**

      Third-Party Defendant.

_____/

**OPINION AND ORDER GRANTING FOUNDATION MORTGAGE CORPORATION'S
MOTION FOR SUMMARY JUDGMENT AGAINST
THIRD-PARTY DEFENDANT DEZMAN ELLIOTT**

This MATTER comes before the Court upon Third-Party Plaintiff, Foundation Mortgage

Corporation's ("Foundation") Motion for Summary Judgment Against Third-Party Defendant,

Dezman Elliott (D.E. 111) (the "Motion"), filed November 3, 2017. The Court has additionally

considered Third-Party Defendant's Response in Opposition to the Motion (D.E. 112),

Foundation's Reply in Support of the Motion (D.E. 114), the parties' Pre-Trial Stipulations (D.E.

120), and the arguments of counsel made on January 30, 2018.

Foundation moves the Court for entry of an Order and Judgment which grants summary

judgment to Foundation as to Count II of its Amended Third-Party Complaint (D.E. 42) for

common law indemnification against the remaining Third-Party Defendant, Dezman Elliott. On

July 18, 2017, this Court severed the underlying claims brought by Plaintiff, Federal Deposit Insurance Corporation as Receiver for AmTrust Bank ("FDIC-R") and Foundation's corresponding third-party claims into four separate lawsuits. Mr. Elliott has not moved for summary judgment on Foundation's third-party claim.

As background, this action arises from Mr. Elliott's desire to acquire a loan in the amount of $218,941 (the "Elliott Loan") to purchase an investment property located at 1967 Alamanda Way, Rivera Beach, Florida. To do so, Mr. Elliott employed Foundation as his mortgage broker and agent to coordinate financing for the purchase pursuant to their written broker agreement. Based on financial information Mr. Elliott provided under penalty of perjury, including related to his intent to occupy and pending debt obligations, Foundation submitted Mr. Elliott's loan application and related documents to prospective lenders to obtain financing.

Under a separate agreement Foundation had with AmTrust Bank, formerly known as Ohio Savings Bank, FSB ("AmTrust"), it brokered certain residential mortgage loans, including the Elliott Loan to AmTrust. Following AmTrust's demise in the wake of the mortgage meltdown, the FDIC-R brought the instant underlying action on its behalf against Foundation alleging that Mr. Elliott, among other borrowers for which Foundation brokered certain loans, made misrepresentations in the course of obtaining their loans. Specifically, the FDIC-R alleged that, in breach of Foundation's contractual representations and warranties, Mr. Elliott misrepresented his (1) intent to occupy the property securing the Elliott's Loan as a primary residence, and (2) debt obligations. Foundation ultimately reached a settlement with the FDIC-R to resolve the main claim initially pending before this Court. The amount of Foundation's total settlement payment to the FDIC-R attributable to the Elliott Loan is $83,894.30.

A claim for common law indemnity is one that "shifts the entire loss from one who, although without active negligence or fault, has been obligated to pay, because of some vicarious, constructive, derivative, or technical liability, to another who should bear the costs because it was the latter's wrongdoing for which the former is held liable." *Houdaille Indus., Inc. v. Edwards,* 374 So. 2d 490, 493 (Fla. 1979). To prevail on a cause of action for common law indemnity in Florida, the party seeking indemnity must prove three elements: "1) that he is wholly without fault; 2) that the party from whom he is seeking indemnity is at fault; and 3) that he is liable to the injured party only because he is vicariously, constructively, derivatively, or technically liable for the wrongful acts of the party from whom he is seeking indemnity." *Fla. Farm Bureau Gen. Ins. Co. v. Ins. Co. of N. Am.,* 763 So. 2d 429, 435 (Fla. 5th DCA 2000) (citing *Gate Lands Co. v. Old Ponte Vedra Beach Condo.,* 715 So. 2d 1132 (Fla. 5th DCA 1998)).

It is undisputed, as Mr. Elliott candidly conceded in deposition and in his response to Foundation's summary judgment motion, that the information in his loan application and related documents, submitted under penalty of perjury, concerning his intent to occupy and debt obligations were untrue. *See* D.E. 111, Ex. A at 15:6-7; 21:23-22:1; 22:16-21; 23:4-25:12; 34:16-22; 37:1-5; 46:7-10; 48:15-49:18; 51:10-14; 52:1-3; 53:2-5; 73:13-18; 74:19-75:3; 143:18-22). As a result of Mr. Elliott's misrepresentation, and at no fault of its own, Foundation reached a settlement with the FDIC-R to resolve the main claim initially pending before this Court only because it was vicariously or technically liable for the wrongful acts of Mr. Elliott. Accordingly, Foundation has proven each of the three elements required to establish its claim of common law indemnification against Mr. Elliott.

To avoid summary judgment, Mr. Elliott argues that he did not intend to defraud Foundation or AmTrust Bank. However, that argument is without merit. Mr. Elliott's intent is irrelevant to whether he made false statements in his loan application which Foundation relied upon, nor does Foundation need to establish intent as an element to its third-party claim for common law indemnification. Mr. Elliott further raises various affirmative defenses, including among others waiver and laches, all of which are unavailing. Despite the fact that these arguments would have been more appropriately raised by Mr. Elliott in a motion to dismiss, Foundation acted promptly by suing Mr. Elliott immediately after the FDIC-R brought the main underlying claim against Foundation. Mr. Elliott also relies on the inapplicable decision of *U.S. v. Fuchs*, 635 F.3d 929 (7th Cir. 2011) which is a criminal case where the defendant appealed his sentence. Here, there is indeed a special relationship between Foundation and Mr. Elliott by virtue of the parties' written broker agreement which clearly established that Foundation was acting as Mr. Elliott's agent to obtain financing from the FDIC-R.

Upon careful consideration of the pleadings and the record, the Court finds that there is no genuine issue of material fact on liability and damages in favor of Foundation on its claim for common-law indemnification against Mr. Elliott, and that Foundation is entitled to summary judgment as a matter of law. Therefore, the Court otherwise being fully advised, it is **ORDERED, ADJUDGED**, and **DECREED** that:

1. Foundation's Motion for Summary Judgment Against Third-Party Defendant, Dezman Elliott (D.E. 111) is hereby **GRANTED**;

2. Damages are awarded and Judgement is hereby entered in favor of Foundation in the amount of $83,894.30, plus $813.48 in pre-judgment interest at a rate of 5.53% per

annum since the time Foundation settled the underlying claim with the FDIC-R on December 6, 2017, post-judgment interest, costs, and attorneys' fees; and

3. Foundation shall have fourteen days from the date of this Order to file its Motion for Attorneys' Fees and Costs.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this _14_ day of February, 2018.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: All Counsel of Record